[No. D007425. Fourth Dist., Div. One. Apr. 11, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIO GARCIA ALVAREZ, Defendant and Appellant.

**COUNSEL**

Susan M. Goldbeck, under appointment by the Court of Appeal, and Valerie Nishime for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael D. Wellington and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—Mario Garcia Alvarez pleaded guilty to possessing heroin for sale (Health & Saf. Code, § 11351) after the court denied his motion to suppress evidence seized at his arrest (Pen. Code, § 1538.5). The court granted Alvarez probation conditioned on his spending 365 days in local custody and paying a $200 fine. Alvarez appeals, contending the evidence seized should have been suppressed as a result of an invalid search warrant. We conclude the court below properly found the officer conducted his search in good faith and accordingly affirm.

## FACTS AND PROCEEDINGS BELOW

Having gathered sufficient information to seek a search warrant of Alvarez's home, Chula Vista Police Officer Nathaniel Hines filled out an affidavit form in longhand, listing the address of the place to be searched, the names of the persons at the residence, the description of the residence, the description of items sought to be seized and the probable cause for the search. Officer Hines then took the affidavit form to the district attorney's office where it was reviewed and typed. The district attorney's office also prepared the form for the warrant itself.

Within five days, Officer Hines picked up the typed affidavit and search warrant and took them to a magistrate for signing. Having reviewed both, Officer Hines saw no problems with either document. In fact, while the typed affidavit repeated the handwritten affidavit's particular description of the items to be seized,[1] the warrant wholly omitted that information. After the magistrate signed the warrant, Officer Hines returned to pick it up along with the affidavit. Officer Hines believed he had a valid search warrant to seize narcotics, related paraphernalia and items showing dominion and control over the house to be searched.

In serving the warrant, Officer Hines and Officer Steven Bellizzi approached the back of the property where they saw Alvarez and Maria Garcia in the backyard. Officer Hines identified himself as a police officer and told Alvarez his purpose was to serve a search warrant. After entering the yard, Officer Hines repeated his statement of identity and purpose. Garcia yelled in Spanish to a woman inside the house, Maria Alvarez, who saw the officers and then ran from the kitchen into another room. Officer Hines yelled for her to stop, explaining he was a police officer and had a search warrant, but she did not comply.

Officer Hines followed her into the house and saw her throw an object she was holding into a planter. The object was a bindle of heroin. Alvarez and

---

[1] The affidavit for search warrant stated the officer believed he had probable cause to search the premises "for the following property, to wit: controlled substances, including heroin and compounds containing derivatives of heroin, paraphernalia for the packaging and use of heroin, including folded papers, burnt spoons, hypodermic syringes, and needles, written articles on the use and effects of narcotics, balloons, cotton, lactose and rubber tubing, scales and other weighing devices, articles of personal property tending to establish and document sales of heroin, consisting in part of and including but not limited to United States currency, buyer lists, seller lists, recordation of sales, address books and telephone lists, and other documentation related to the sale and transfer of heroin; . . . and papers, documents and effects which tend to show possession, dominion and control over said premises, including fingerprints, handwritings, clothing, and objects bearing a form of identification such as a person's name, photograph, social security number or driver's license number."

the two women were arrested. Officer Hines then read the search warrant to Alvarez and asked him if he understood why the police were at his house. Alvarez said he understood.

During the search of the premises, Officer Hines seized only those items enumerated in the affidavit, including a plastic syringe, containers used to package controlled substances, tinfoil packages containing heroin, loose currency, and documents showing Alvarez's dominion and control of the premises. Neither the district attorney's office nor the magistrate nor Officer Hines noticed that the search warrant did not contain a description of the items to be seized.

Alvarez moved during his preliminary hearing to suppress the items seized, arguing the defective warrant unconstitutionally failed to particularly describe those items. After an evidentiary hearing, the court denied the motion, expressly finding the officers had acted in good faith. Alvarez renewed his motion to suppress in superior court pursuant to Penal Code section 1538.5. After hearing argument and reviewing the transcript of the preliminary hearing, the court denied the motion, stating in its written order: "The Officers had a good faith belief in the validity of the warrant." Our review leads us to the same conclusion.

DISCUSSION

A

The United States Constitution as well as the Constitution and statutory law of California require that a search warrant describe with particularity the place to be searched and the items to be seized. (U.S. Const., 4th Amend.; Cal. Const., art. I, § 13; Pen. Code, § 1525.) ■ " 'The requirement of particularity is designed to prevent general exploratory searches which unreasonably interfere with a person's right to privacy. . . .' " (People v. Frank (1985) 38 Cal.3d 711, 724 [214 Cal.Rptr. 801, 700 P.2d 415], quoting Burrows v. Superior Court (1974) 13 Cal.3d 238, 249 [118 Cal.Rptr. 166, 529 P.2d 590].) Here, the warrant issued by the magistrate for Officer Hines's search of Alvarez's residence did not include a description of the items to be seized and thus was invalid. The People do not contend otherwise.

However, the exclusion of relevant evidence is not necessarily compelled by an invalid search warrant. ■ The United States Supreme Court has held that "the exclusionary rule should not be applied when the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined

to be invalid . . . ." (*Massachusetts* v. *Sheppard* (1984) 468 U.S. 981, 987-988 [82 L.Ed.2d 737, 743, 104 S.Ct. 3424], citing *United States* v. *Leon* (1984) 468 U.S. 897, 922-923 [82 L.Ed.2d 677, 698, 104 S.Ct. 3405].)

Thus, the sole issue here is whether Officer Hines reasonably believed the search he conducted was authorized by a valid warrant, or more specifically, whether an objectively reasonable basis exists for Officer Hines's belief in the validity of the warrant issued by the magistrate.

## B

The rule announced in *Leon* and *Sheppard* has come to be known as the "good faith exception" to the exclusionary rule.[2] "[T]he essential prerequisite to the reasonable good faith exception" is a finding "the officers had a good faith objectively reasonable belief that the *search they conducted* was authorized by a valid warrant [and] . . . 'that the officers properly executed the warrant and *searched* only those places and for those objects that it was reasonable to believe were covered by the warrant.' [Citation.]" (*People* v. *MacAvoy* (1984) 162 Cal.App.3d 746, 764 [209 Cal.Rptr. 34].)

Here, Officer Hines properly filled out his affidavit in requesting the search warrant, setting forth with particularity the place to be searched and the items to be seized. He then had the affidavit reviewed and the warrant prepared by the district attorney's office and obtained the magistrate's signature. At that point, a reasonable police officer would have concluded, as did Officer Hines, that the warrant authorized a search for the items listed in the affidavit. (See *Massachusetts* v. *Sheppard, supra,* 468 U.S. 981, 989 [82 L.Ed.2d 737, 744].)

## C

The purpose underlying the exclusionary rule is the deterrence of future police misconduct. "Particularly when law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred on such guilty defendants offends basic concepts of the criminal justice system. [Citation.] . . . Accordingly, '[a]s[3] with any remedial device, the application of the [exclusionary] rule has been

[2] Article I, section 28, subdivision (d) of the California Constitution, since the passage of Proposition 8, requires federal rather than state constitutional law be applied to resolve questions of the admissibility of illegally seized evidence, including *Leon*'s good faith exception. (*People* v. *Helmquist* (1984) 161 Cal.App.3d 609, 614 [207 Cal.Rptr. 718].) Thus, Alvarez's reliance on *People* v. *Tockgo* (1983) 145 Cal.App.3d 635 [193 Cal.Rptr. 503], a pre-*Leon* case, is misplaced.

[3] These brackets appeared in the quoted material. All other bracketed insertions are ours.

restricted to those areas where its remedial objectives are thought most efficaciously served.' [Citations.]" (*United States* v. *Leon, supra,* 468 U.S. 897, 907-908 [82 L.Ed.2d 677, 688-689].)

Moreover, "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." (468 U.S. at p. 916 [82 L.Ed.2d at p. 694].) Where, as here, an officer acts with objective good faith in obtaining a search warrant from a judge or magistrate and has acted within the scope of the warrant, there is no police illegality and thus nothing to deter. (*Id.* at p. 920 [82 L.Ed.2d at p. 697].)

 Alvarez does not suggest Officer Hines acted in bad faith in obtaining the warrant. Rather, he argues the officer's failure to recognize that the warrant did not contain a description of the property to be seized precludes a finding he acted in good faith. For this proposition, Alvarez relies on the admonition in *Leon* that ". . . depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." (*United States* v. *Leon, supra,* 468 U.S. 897, 923 [82 L.Ed.2d 677, 699].)

Contrary to Alvarez's position, *Leon* does not hold that execution of a facially defective warrant automatically precludes a finding of good faith. To the contrary, the language cited refers to "the circumstances of the particular case." Here, those circumstances point toward good faith. Officer Hines prepared a handwritten draft affidavit which contained a particular description of the items to be seized. That description was incorporated into a typed affidavit but not into the body of the search warrant. In reviewing both documents Hines made the understandable mistake of failing to recognize the description had not been repeated. This situation is wholly unlike that contemplated by *Leon*; that is, officers who receive nothing but a facially defective warrant. In that situation one would be hard pressed to assert a good faith right to search a nondesignated place or seize nondescribed property.

The facts before us are closely similar to those in *Massachusetts* v. *Sheppard, supra,* 468 U.S. 981. There Detective O'Malley had gathered facts establishing cause to search for bloodstained clothing, a blunt object and other items related to a homicide. As it was a Sunday, O'Malley used the only affidavit and search warrant form at hand, a form designed for controlled substance searches. He modified the form and presented it to a magistrate, explaining it might need further modification. The magistrate took the form, made some changes to it and signed the warrant portion which O'Malley and other officers then executed, seizing only items related

to the homicide. In fact, the substantive portion of the warrant authorized a search for controlled substances and wholly omitted listing the homicide-related items sought. There as here, the defendant sought suppression based on failure to particularly describe items to be seized. The Supreme Court upheld the search, noting that whatever error the magistrate may have committed, Detective O'Malley acted in good faith. The court concluded the ends of the exclusionary rule would not be served by suppressing evidence absent police misconduct. (*Id.* at pp. 990-991 [82 L.Ed.2d at pp. 744-745].)

The Supreme Court took care to distinguish the situation in *Sheppard* from that involving an officer who executes a similarly defective warrant without knowing beforehand what items are to be seized. Whether good faith could be shown in that situation was specifically and pointedly left undecided. (*Massachusetts* v. *Sheppard, supra,* 468 U.S. at p. 989, fn. 6 [82 L.Ed.2d at p. 744].) However, in language as applicable to Officer Hines as it was to Detective O'Malley, the court stated, "In this case, Detective O'Malley, the officer who directed the search, knew what items were listed in the affidavit presented to the judge, and he had good reason to believe that the warrant authorized the seizure of those items." (*Ibid.*)

*People* v. *Tockgo, supra,* 145 Cal.App.3d 635, upon which Alvarez relies, is not on point. There, officers drafted an affidavit seeking a warrant to search for contraband cigarettes. The affidavit stated the cigarettes sought could be identified by certain specific marks, including revenue numbers and distinctive seals. A warrant issued which omitted the particular descriptions of the cigarettes, instead describing them generally as "cigarettes . . . determined by Certified Grocers to be stolen." (*Id.* at pp. 638-639.) The court reversed an order denying suppression, holding the warrant's description was not sufficiently particular. The case is factually distinguishable. The *Tockgo* court took special note that the affidavit containing the complete description was not attached to the warrant. (*Id.* at p. 643.) It was so attached here. Further, the defective warrant in *Tockgo* set out a distilled and insufficient version of the affidavit's description, not a clerical omission of that description. Most important is that *Tockgo* was decided before *United States* v. *Leon, supra,* and *Massachusetts* v. *Sheppard, supra*. Understandably, *Tockgo* does not discuss whether the officers acted in good faith. Accordingly, the case cannot guide our determination whether Officer Hines's conduct comes within the rule of *Leon* and *Sheppard*.

■ Alvarez's arguments ignore the Supreme Court's admonition in *United States* v. *Leon*: "It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth

Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. '[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.' [Citation.] Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." (468 U.S. 897, 921, fn. omitted [82 L.Ed.2d 677].)

■ Here, Officer Hines reasonably relied on the magistrate's having signed the search warrant. It was the district attorney's office and the magistrate, not the police officer, who made the critical mistake. Suppressing evidence because the magistrate failed to correct an inadvertent clerical error "will not serve the deterrent function that the exclusionary rule was designed to achieve." (*Massachusetts* v. *Sheppard, supra,* 468 U.S. 981, 991 [82 L.Ed.2d 737, 745].)

Further, the omission here did not result in "a general, exploratory rummaging in a person's belongings." (*Coolidge* v. *New Hampshire* (1971) 403 U.S. 443, 467 [29 L.Ed.2d 564, 583, 91 S.Ct. 2022].) Only those items enumerated in the affidavit were seized. (See *People* v. *Dumas* (1973) 9 Cal.3d 871, 880 [109 Cal.Rptr. 304, 512 P.2d 1208]; *People* v. *MacAvoy, supra,* 162 Cal.App.3d 746, 764.) On these facts, we agree with the court below that Officer Hines had an objectively reasonable good faith belief that the warrant properly authorized the search he actually carried out. Accordingly, suppression of the evidence obtained in that search is not warranted.

#### DISPOSITION

The judgment is affirmed.

Huffman, J., and Froehlich, J., concurred.